UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDA HILL,

                                   Plaintiff,

v.                                                             Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                                   Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Brenda Hill is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a student loan debt to the U.S. Department of Education. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. The school that Plaintiff planned to attend never opened. As a result, Plaintiff received no benefit from the from the funds she borrowed.

12. That Plaintiff thereafter allegedly defaulted on the subject debt.

13. That upon information and belief Defendant NCO was employed by the U.S. Department of Education to collect on the subject debt.

14. That in or about April of 2008, Defendant began calling Plaintiff's telephone several times per week in an attempt to collect on the subject debt.

15. That during the first of these telephone calls Plaintiff disputed the debt. Defendant stated that if Plaintiff filled out federal loan papers, Defendant would leave Plaintiff alone for a year.

16. That on or about May 12, 2008, Defendant sent Plaintiff forms for a consolidation loan.

17. That Defendant thereafter called Plaintiff and stated Plaintiff had until the following Monday to fill out the consolidation loan papers or the deal would be cancelled. When Plaintiff refused Defendant stated they could legally go into Plaintiff's bank account and take payments. Plaintiff stated she received Social Security Disability and her bank account only contained those funds. Defendant stated they still will be able to take payments from Plaintiff's bank account even it those funds consisted of her Social Security Disability funds.

18. That Plaintiff informed Defendant on multiple occasions that the school she had borrowed the money for had never opened and that had never received a benefit from the loan proceeds. Despite this information, Defendant never informed Plaintiff of her rights to obtain a closed school discharge or other similar discharge as required by law.

19. That at no time did Defendant posses the intent, nor had they received authority from the Department of Education to pursue legal action against Plaintiff.

20. That Plaintiff has stated to Defendant on multiple occasions that she did not want them to call her by telephone in the future. Despite said instructions, Defendant continued to call Plaintiff.

21. That Defendant has left multiple messages on Plaintiff's answering machine to return the call at the number provided. In all of said messages, Defendant would fail to state their name and fail to state they were a debt collector.

22. That as a result of Defendant's acts Plaintiff Brenda Hill became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by making the statements described in paragraph 17 of this complaint.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

    C. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(6), 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by leaving messages on Plaintiff's answering machine without meaningful disclosure of the caller's identity and failing to state that such communication is from a debt collector.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by stating Defendant could legally go into Plaintiff's bank account and take payments, by stating Defendant could take Plaintiff's Social Security Disability as payment on the subject debt, and by failing to advise Plaintiff of her rights to obtained a closed school discharge or other similar type of discharge.

    E. Defendant violated 15 U.S.C.§1692c(a)(1), 15 U.S.C. §1692d, and 15 U.S.C. §1692f by continuing to call Plaintiff despite her numerous requests that they not do so.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Brenda Hill became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Brenda Hill demands trial by jury in this action.

Dated: February 4, 2009

                                    /s/Kenneth R. Hiller, Esq.
                                    Kenneth R. Hiller, Esq.
                                    Amanda R. Jordan, Esq.
                                    Law Offices of Kenneth Hiller
                                    *Attorneys for the Plaintiff*
                                    6000 North Bailey Ave., Suite 1A
                                    Amherst, NY 14226
                                    (716) 564-3288
                                    Email: khiller@kennethhiller.com
                                                  ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Brenda Hill affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: February 4, 2009                                /s/Brenda Hill
                                                       Brenda Hill